IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 26-MJ-1630-SCY |
| vs. | ) | |
| | ) | |
| **MATTHEW CHANNON**, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION FOR DISCLOSURE OF MENTAL HEALTH ASSESSMENT**

The United States respectfully files this motion to request disclosure of the mental health assessment Judge Molzen ordered defendant Matthew Channon ("Defendant" or "Channon") to undergo. Recently, at the April 13, 2026 detention hearing, Judge Molzen found Channon to be a danger to the community. But she nevertheless ordered his release, finding that a combination of conditions could be fashioned that would mitigate that danger. One of the conditions imposed was that Channon would have to undergo a mental health assessment. Doc. 12, p. 2.

That same day, Judge Molzen denied a motion by the United States to determine Channon's competency to stand trial. Doc. 11 (Clerk's Minutes)[1]. The United States presented reports of a dialogue between Channon and the United States Marshals Service, as well as two dialogues between Channon's parents and the U.S. Marshals, from August and September of

[1] The Clerk's minutes state that Channon was remanded to U.S. Marshals custody, because those are the minutes of the morning session of the detention hearing (despite the "Time In and Out" block of the form listing both sessions). As described at the bottom of the minutes, the detention hearing was continued until the afternoon. It was in the afternoon session that Judge Molzen released Channon to the third party custody of his mother. It does not appear the afternoon session has its own set of Clerk's Minutes entered on the docket.

2025. Exhibits 1-3. In those interviews, Channon expressed apparently-delusional beliefs that individuals were following him around and attempting to poison him, and his parents revealed to the Marshals that Channon had complained to them of similar (implausible) phenomena. *Id*. Judge Molzen stated that she was denying the United States' motion for a competency evaluation because the evidence presented to support the motion, the reports of interview from the Marshals, described interviews and interactions that were several months in the past.

"There is no question, and it is beyond dispute, that 'the criminal trial of an incompetent defendant violates due process.'" *United States v. Patrick Beck*, 24-CR-1207-DHU, Doc. 132, p. 24 (*quoting Cooper v. Oklahoma*, 517 U.S. 348, 354-56 (1996)). "The right of an incompetent person not to be tried in a criminal proceeding brought by the government is fundamental, rudimentary and significant." *Id*. at 24-25. The behavior that brings Channon before the court for this prosecution is his April 1, 2026 attempt to purchase a shotgun despite his status as a felon. *See* Doc. 1 (Complaint). The United States has learned since the detention hearing that, when Channon attempted to purchase the shotgun, he stated specifically that it was for "home defense," meaning antipersonnel purposes and not hunting or sporting purposes. The United States has also learned that Channon was scheduled to undergo his court-mandated mental health assessment yesterday, Tuesday April 21st, 2026. Because such assessments are essentially an *ex parte* dialogue between the defense and an agent of the judicial branch (a mental health counselor selected by the Pretrial Services office), the United States does not normally obtain copies of any written memorial of the assessment.

It is the expectation of the United States that the mental health assessment will either confirm that the mental health disturbances manifesting in the August and September 2025

interviews with the Marshals are presently ongoing, or that there is no cause to believe those mental health problems persist into the present. That information will be important to a fully-informed decision about whether the Court should order a competency evaluation or not. In other words, that April 21, 2026 evaluation is necessary for the Court to assess whether "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent…." 18 U.S.C. § 4241(a).

It is the position of the United States that Channon's paranoid delusions described in the August and September 2025 interviews, considered in conjunction with his recent attempt to purchase a shotgun despite knowledge of his felony status, constitute a reasonable cause to believe that his behavior in relation to the conduct now charged is driven by mental health problems. But the United States understands and respects Judge Molzen's reasoning in denying the April 13, 2026 motion for a competency evaluation. To satisfy Judge Molzen's requirement for a more-recent indicator of mental health disturbance before she would order a present competency evaluation, the United States now seeks access to yesterday's mental health assessment.

Alternatively, if Judge Molzen were to be able to access and review that mental health assessment, the United States would not need to see it in order to seek her review of the question of whether a competency evaluation is indicated within the meaning of 18 U.S.C. § 4241(a).

For that reason, the United States respectfully requests an order compelling the Pretrial Services office to disclose a copy of the mental health assessment (or a written memorial of that assessment, if the assessment itself is not originally in written form) to the United States or, in the alternative, to disclose it to the Court for a full § 4241(a) review of whether "there is

reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent…."

Channon, through counsel, opposes this motion.

Respectfully submitted,

TODD BLANCHE
Acting Attorney General
RYAN G. ELLISON
First Assistant United States Attorney

*Electronically filed April 22, 2026*
PAUL J. MYSLIWIEC
Assistant United States Attorney
201 3rd St. NW, Suite 900
Albuquerque, New Mexico 87102
(505) 346-7274

I HEREBY CERTIFY that the submission of this motion in CM/ECF caused a copy to be served on counsel for the defendant.

***Electronically filed April 22, 2026***
Paul J. Mysliwiec
Assistant United States Attorney