**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 26-cr-2056-MLG** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **MATTHEW CHANNON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**SUPPLEMENT TO UNITED STATES' MOTION FOR DISCLOSURE OF MENTAL HEALTH ASSESSMENT [DOC. 13]**

Defendant Matthew Channon, by and through undersigned counsel, files this supplement to his Response in opposition to the Government's motion noting that Mr. Channon's mental health evaluation is not discoverable by the Government under any rational theory. In further support of the response in opposition to the motion, Mr. Channon states as follows:

1. Matthew Channon was arrested on April 9, 2026 on allegations that he made a false statement in connection with the purchase of a firearm in violation of 18 § U.S.C. 922(a)(6). Docs. 1, 2, 15.

2. At Mr. Channon's detention hearing, the Government posited its view that Mr. Channon is not competent. *See* Preliminary and Detention Hearing Transcript at 49:14-20 (The "United States respectfully request[s] his detention, because it is our expectations that no combination of conditions, no matter how well intentioned, can successfully cause this person to be safe for the community in the face of his apparent rejection of facts and his . . . . his condition that appears to cause him to cling to untrue beliefs.").

3. The Court released Mr. Channon on conditions and he has been fully compliant with these conditions.

4. At the detention hearing, the pretrial services officer stated that the office was not recommending a competency evaluation, *id.* at 43:15-17, and the Court denied the Government's motion for same, *id.* at 50:8-23. Instead, the Court ordered a mental health assessment, which is typically done in order to determine a pretrial detainee's need for counseling and other services, stating as follows:

> I am going to have you submit to a mental health evaluation to determine whether mental health treatment is necessary. Now although it doesn't include an evaluation for the purpose of determining competency, I'd like the recommendation if it's possible to please notify the Court if there are any concerns regarding competency.

Tr. at 60:7-12.

5. No mental health evaluation report has been produced to the defense by probation or by the provider; however, should one exist it certainly contains materials, including statements of Mr. Channon, that are protected under the Fifth Amendment and the Federal Rules of Criminal Procedure. *See* Doc. 21.

6. In its motion, the Government asserts that it should be permitted to obtain and review, or in the alternative, the Court should be permitted to review in camera, the mental health evaluation of Mr. Channon for a full § 4241(a) review of whether "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent…."[1] That is, the Government's stated reason for seeking the evaluation report is to bolster a future anticipated motion for a competency evaluation. This matter is not before the Court and is not ripe at this time. Other than the law stating it to be a due process violation to try an incompetent defendant, the motion cites no authority whatsoever in support of the requested relief.

[1] In a June 18th email to the Court, the prosecution further asserted: "[t]he United States takes the position that Mr. Channon is incompetent to stand trial, and there is an outstanding motion to compel production of his mental health assessment."

7. Incidentally, the undersigned counsel opposes a motion to compel a competency evaluation of Mr. Channon as it is not indicated. *See United States v. Landers*, 564 F.3d 1217, 1221 (10th Cir. 2009) (holding that the district court did not error in declining to order a competency evaluation where defendant's trial counsel had explicitly told the district court his client was competent and noting that "judges must depend to some extent on counsel to bring issues into focus")(citing *Drope v. Missouri*, 420 U.S. 162, 176-77)(1975).

WHEREFORE, Matthew Channon, by and through his undersigned counsel, respectfully requests that this Court deny the Government's motion for the disclosure of his mental health assessment.

Respectfully submitted,

/s/ *Justine Fox-Young*
Justine Fox-Young
5501 Eagle Rock Ave. NW, Suite C2
Albuquerque, NM 87113
(505) 796-8268

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of June, 2026. I filed the foregoing pleading via CM-ECF, causing all registered parties to be served.

/s/ *Justine Fox-Young*
Justine Fox-Young