**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 26-cr-2056-MLG** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **MATTHEW JAMES CHANNON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**UNOPPOSED MOTION TO CONTINUE JULY 13, 2026 TRIAL SETTING AND ASSOCIATED DEADLINES BY 60 DAYS**

Defendant Matthew Channon, by and through undersigned counsel, pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A) hereby moves the Court to (1) continue for 60 days the trial currently set for June 13, 2026, to the Court's August, 2026 docket and to (2) extend the substantive motions deadline by 60 days. As grounds for this Motion, Mr. Channon states as follows:

1. Mr. Channon was indicted on May 1, 2026 of one count of making a false statement in connection with the purchase of a firearm in violation of § 18 U.S.C. 922(a)(6).

2. Trial in this matter is presently set to begin on July 12, 2026. *See* Doc. 20.

3. The undersigned counsel was appointed on May 21, 2026 and has received some discovery but continues to seek additional discovery and to work on completing tasks relevant to the defense investigation.

4. Counsel also requires time to prepare any necessary pretrial motions, subpoena any outstanding materials, exhaust plea negotiations and otherwise prepare for trial.

5. Accordingly, counsel respectfully requests that trial in this matter be continued by sixty (60) days to complete the above-described tasks.

6. Counsel asserts that sixty (60) days after July 13, 2026 is the minimum amount of time necessary to complete the above-described tasks.

7. Defendant agrees that pursuant to 18 U.S.C. § 3161(h)(7)(b)(ii), this period of time is excluded from Speedy Trial Act calculations. Defendant waives any claim or demand for a speedy trial for this time period.

8. Defense counsel submits that, pursuant to the requirements of 18 U.S.C. § 3161(h)(7)(B), and consistent with the holding in *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), good grounds exist for Defendant's trial continuance. Pursuant to § 3161(h)(7)(A), the ends of justice are served by granting the continuance and extension, to wit: the need for the parties to review discovery, complete a defense investigation, exhaust plea negotiations, prepare pretrial motions as necessary, and prepare for trial, if necessary.

9. Defendant's right to effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Defendant will be denied his right to effective assistance of counsel. As the Eleventh Circuit has recognized:

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance…is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 242 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446 (1940).

10. Counsel has contacted Assistant United States Attorney Paul Mysliwiec regarding this Motion, and he has indicated that the Government does not oppose this motion or the relief requested herein.

WHEREFORE, Mr. Channon respectfully requests that this Court enter an order continuing the trial and extending the pretrial motions deadline by 60 days, respectively.

Respectfully submitted,

JUSTINE FOX-YOUNG, P.C.

*/s/ Justine Fox-Young*
JUSTINE FOX-YOUNG
5501 Eagle Rock Ave NE, Suite C2
Albuquerque, NM 87113
Phone: (505) 796-8268
justine@foxyounglaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the parties in this matter.

*/s/ Justine Fox-Young*
Counsel for Defendant