IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
United States District Court
Albuquerque, New Mexico
Erik Paltrow
Clerk of Court

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**No. CR 26-2056 MLG**

**MATTHEW JAMES CHANNON,**

**Defendant.**

**ORDER DENYING APPOINTMENT OF ADDITIONAL COUNSEL**

THIS MATTER comes before the Court on Defendant Matthew James Channon's Ex Parte Motion for Appointment of Additional Counsel Under the Criminal Justice Act. Doc. 51. Having reviewed the motion and the record, and pursuant to the Guide to Judiciary Policy, Vol. 7A, § 230.53.20, and the CJA Plan for the District of New Mexico § 3(g)(2), the Court FINDS that this case does not meet the criteria for the appointment of additional counsel. The Court therefore DENIES Defendant's motion.

As the Tenth Circuit has recognized, a defendant may "spend his own money ad infinitum on counsel of his choosing," but "the right to court-appointed counsel is geared toward the goal of ensuring constitutionally adequate representation." *United States v. Clark*, 717 F.3d 790, 811–12 (10th Cir. 2013) (internal citations and quotations omitted). This District's CJA plan contemplates that a defendant in a non-capital case may request the appointment of an additional attorney, but such appointment is available only in "extremely difficult case[s]," CJA Plan for the District of New Mexico § 3(g)(2), and only if justice so requires, 7A Guidelines for Administering the CJA and Related Statutes § 230.53.20 (2013). In determining whether to

appoint additional counsel, the Court considers whether "the denial of CJA funding for an additional attorney [would] impede[] the defendant's defense, not incidentally, but directly enough to undermine a constitutionally adequate defense." *Clark*, 717 F.3d at 812 (internal quotation marks and citation omitted).

Defendant is charged in a single-count indictment with making a false statement during the purchase of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924. Doc. 15. Defendant recognizes that the nature of this charge does not itself require the appointment of additional counsel. *See* Doc. 51 at 1. Indeed, the three-page criminal complaint filed in this case suggests that the facts are relatively straightforward. *See* Doc. 1. Defense counsel also acknowledges that discovery is not voluminous, Defendant is facing only one count, and there is no mandatory minimum sentence involved. Doc. 51 at 1.

The gist of Defendant's request for additional counsel is that he now is on his third attorney, he has raised multiple novel issues relating to his defense, he is a demanding client, and an additional attorney would help avoid further delay because he has a pre-existing relationship with the proposed additional attorney, and that attorney could give Defendant the attention that he needs while current counsel focuses on the legal and factual issues necessary to provide an adequate defense. *See* Doc. 51 at 4–5. None of these reasons, however, make this case extremely difficult, nor does justice require the appointment of additional counsel. Each time the Court granted Defendant's request for new counsel, the Court reminded Defendant that granting his request could cause a delay, and that he needed to work cooperatively with new counsel to assist in his own defense. In appointing new counsel, the Court also reminded Defendant that he is not entitled to the attorney of his choice unless he hires his own counsel. Defendant's request for the appointment of counsel with whom he has a prior relationship suggests an attempt to have the

Court appoint Defendant the counsel of his choice. Indeed, Defendant suggests that if this additional counsel is not appointed, his relationship with his current counsel may become impaired. Doc. 51 at 5. Defendant, however, must work cooperatively with his new counsel as the Court told him he must each time that it granted Defendant's request for new counsel. The Court sees no reason that current counsel cannot provide Defendant a constitutionally adequate defense in this relatively straightforward case without the assistance of another attorney. The motion for additional counsel makes clear that current counsel is working diligently to consider all possible defenses and to work cooperatively with Defendant. Defendant must reciprocate that diligence.

IT IS THEREFORE ORDERED that Defendant Matthew James Channon's Ex Parte Motion for Appointment of Additional Counsel Under the Criminal Justice Act (Doc. 51) is DENIED.

IT IS FURTHER ORDERED that Defendant's ex parte motion will remain under seal pending further order of the Court because it discloses attorney work product and potential trial strategy. This Order will be filed and maintained under seal and will not be served on the United States for a period of fourteen days to allow Defendant an opportunity to move for it remain under seal. Should Defendant not file a motion for it to remain under seal within that period, the Court will unseal this Order, and it will become available to the United States.

**LAURA FASHING**
**UNITED STATES MAGISTRATE JUDGE**