IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

V. No. 1:26-cr-02056-MLG

MATTHEW JAMES CHANNON,

Defendant.

**MOTION TO WITHDRAW AS APPOINTED COUNSEL AND REQUEST FOR PROMPT STATUS HEARING**

Maxwell Pines, appointed counsel for Matthew James Channon, moves for leave to withdraw and for appointment of substitute counsel under D.N.M.LR-Cr. 44.1(f) and Rule 16-116 NMRA. Counsel requests prompt consideration because the case is set for a November 5, 2026 pretrial conference and November 16, 2026 jury trial. Doc. 50. In support, counsel states:

1. Counsel was appointed under the Criminal Justice Act.

2. To warrant substitution of counsel, a defendant must show good cause such as "a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust verdict." *United States v. Beers*, 189 F. 3d 1297, 1302 (10th Cir. 1999). When assessing a motion to substitute counsel a court should consider whether the defendant's request was timely, the defendant's reasons for making the request, whether the defendant-attorney conflict is so great that it led to a total lack of communication precluding an adequate defense and whether the defendant substantially and unreasonably contributed to the communication breakdown. *United States v. Porter*, 405 F. 3d 1136, 1140 (10th Cir. 2005).

3. Recent events have materially impaired the trust and communication needed to prepare and present the defense. Mr. Channon has sent the Court and the United States what he describes as excerpts of confidential attorney-client communications, together with allegations concerning counsel's representation. He has also communicated directly with the Court and the United States concerning proposed filings and defense strategy. Counsel has substantial concern that the resulting dispute about counsel's own conduct prevents effective continued representation.

4. If the Court needs further information, counsel requests an *in camera*, ex parte inquiry. The Court can address and hear from Mr. Channon, if necessary.

5. The present request rests on the breakdown in the working attorney-client relationship.

6. The Court previously granted a motion to withdraw by appointed counsel after an in camera discussion. Docs. 40, 44–45. Counsel recognizes the need for the Court to consider the history of appointments, the impending deadlines, and Mr. Channon's right to effective representation. Counsel requests that substitute counsel be appointed promptly if withdrawal is granted, and that the Court address any necessary scheduling relief after new counsel can be heard. Counsel undersigned has communicated with Joseph Niskar, CJA Coordinating Attorney who is apprised of the situation and stated that he will assist in appointing new counsel.

7. Mr. Channon's position on this request is unknown. Counsel provided Mr. Channon with a copy of the motion on September 26, 2026. The United States, through AUSA Paul Mysliwiec, states that the motion is opposed.

WHEREFORE, counsel requests an order permitting withdrawal, appointing new CJA counsel promptly, and setting an expedited, appropriately private inquiry if needed. Counsel further requests that the Court consider necessary adjustments to deadlines after substitute counsel

appears. Counsel will continue to discharge counsel's obligations pending an order and cooperate in transferring the file in accordance with the Court's directions and applicable protective orders.

Respectfully submitted,

/s/ *Maxwell Pines*

Maxwell Pines
Max Pines Law
800 Lomas NW Suite 200
Albuquerque, NM 87102
CJA counsel for Matthew James Channon

**CERTIFICATE OF SERVICE**

I certify that on September 28, 2026 , I filed this motion through CM/ECF, which served counsel of record. I also provided a copy to Mr. Channon by email on September 26, 2026 .

*/s/ Maxwell Pines*