IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 26-CR-2056-MLG |
| vs. | ) | |
| | ) | |
| **MATTHEW CHANNON**, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' SUPPLEMENTAL BRIEFING ON MOTION FOR DISCLOSURE OF MENTAL HEALTH ASSESSMENT OR IN THE ALTERNATIVE REVIEW OF MOTION FOR COMPETENCY EVALUATION**

The United States respectfully files this supplemental briefing regarding its request for competency review of defendant Matthew Channon ("Defendant" or "Channon"). Originally, the United States requested an order from the Court compelling disclosure of the mental health assessment Judge Molzen previously ordered as a condition of releasing Channon despite the danger she found he poses to the community. Since then, Channon has personally emailed a copy of that assessment to the undersigned government attorney (as well as his own attorney and a U.S. Magistrate Judge). The United States respectfully withdraws that requested remedy (providing a copy of the mental health assessment to the government) as moot. Which means the instant motion is now entirely a motion for a competency evaluation pursuant to 18 U.S.C. § 4241.

Channon also personally emailed government counsel, as well as his own attorney and a Magistrate Judge, an admission that he had been informed by court clerks on September 22, 2026 of D.N.M.Lr-Cr. 44.2, which prohibits defendants from filing documents *pro se* when they

are represented by counsel (with a few exceptions). Doc. 55, p. 8. And yet, after that direct (and accurate) admonition by the clerks, Channon chose to email chambers directly with new legal requests/demands on September 24, 2026. *See generally* Doc. 55.

This behavior, filing *pro se* requests despite being warned that it is improper to do so when one has appointed counsel, has recently been found substantive evidence of incompetence to stand trial. In *United States v. Patrick Beck*, 24-CR-1207-DHU, Judge Urias found Mr. Beck incompetent to stand trial primarily because of his *pro se* filings after being warned by the court that he should not engage in such personal filing behavior while represented by counsel. Judge Urias' order performing that analysis is under seal, but the briefing to the Tenth Circuit about it is unsealed and is attached as Exhibit 1.

Additionally, unlike in *Beck*, the record in this case now includes direct evidence of the defendant disagreeing with his own counsel regarding litigation strategy (or at least making strategic demands) based on "advice" by generative Large Language Models, such as Claude and ChatGPT. Doc. 55, pp. 6-7. That is evidence Judge Urias did not have in the *Beck* litigation that Channon is unable to assist in his own defense because of mental instability related to his use of Large Language Models to drive his behavior. Indeed, the evidence now present of "AI-induced psychosis" provides an additional basis to order a competency evaluation that was neither present in *Beck* nor in this case at the time of the government's original motion.

Given this new direct and substantive evidence of incompetence, in addition to the concerning interview reports already presented at the original detention hearing and later briefed to the Court, the United States respectfully requests Channon be committed for competency evaluation pursuant to 18 U.S.C. § 4241. The United States respectfully asserts to the Court that

pre-trial determination of competency to stand trial is necessary pursuant to Federal Rule of Criminal Procedure 12(d).

Additionally, the United States consents to the referral of this matter to a Magistrate Judge, since Judge Molzen's retirement means she is not available to reconsider her prior denial of the United States' motion for competency evaluation based on this new substantive evidence of incompetence.

Respectfully submitted,

TODD BLANCHE
Attorney General
RYAN G. ELLISON
First Assistant United States Attorney

*Electronically filed September 28, 2026*
PAUL J. MYSLIWIEC
Assistant United States Attorney
201 3rd St. NW, Suite 900
Albuquerque, New Mexico 87102
(505) 346-7274

I HEREBY CERTIFY that the submission of this motion in CM/ECF caused a copy to be served on counsel for the defendant.

***Electronically filed September 28, 2026***
Paul J. Mysliwiec
Assistant United States Attorney