IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 26-CR-2056-MLG |
| vs. | ) | |
| | ) | |
| **MATTHEW CHANNON**, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE TO THIRD DEFENSE ATTORNEY'S MOTION TO WITHDRAW**

The United States is in receipt of a motion by defendant Matthew Channon ("Defendant" or "Channon")'s third attorney, and second CJA-appointed attorney, to withdraw from this case. Doc. 54. The United States opposes this motion for the same reason it opposed the previous two: a breakdown in communications that is 100% attributable to the defendant, indeed this time directly engineered by him, cannot be remedied by giving him another lawyer to abuse. The record, now including emails from Channon directly to the United States and the Court, clearly shows that Mr. Pines has given reasonable, measured, and legally-correct advice at every turn, such that any breakdown in communication or friction between him Channon is entirely of Channon's making.

As the Court recently explained in a reasoned order denying an *ex parte* request for appointment of additional counsel of choice, "Defendant [] must work cooperatively with his new counsel as the Court told him he must each time that it granted Defendant's request for new counsel. The Court sees no reason that current counsel cannot provide Defendant a constitutionally adequate defense…." Doc. 52, p. 3. Nothing the Court has seen since the

September 21, 2026 publication of that Order should undermine its faith in Mr. Pines or the quality of the representation he is providing to Channon as the Court appointed him to do.

In his recent emails to the Court, Channon revealed that he recorded his conversations with his own attorney, and he chose to waive the attorney-client privilege by including a partial transcript of that recording. Doc. 55, pp. 2-3. In that purported transcript, Channon directly challenged Mr. Pines but Mr. Pines, without being defensive or escalating any confrontation, detailed his diligence, even using the secret code that he and Channon developed to discuss sensitive materials. *Id*. at 2. Mr. Pines also gave good advice about the importance of working hard to maintain one's credibility with the Court, by refraining to file motions that do not have a sufficient basis in law or fact. *Id*.

Mr. Pines is also an experienced trial lawyer. As he described in the purported transcript, he has done "maybe 89 state trials." Doc. 55, p. 3. Indeed, the Court is aware that the local CJA panel has different tiers, with different experience requirements for misdemeanor appointments, simple criminal-immigration appointments, and Title 18 or Title 21 federal felony appointments such as this one. It appears that Mr. Pines is much more experienced than strictly necessary to defend a simple one-count allegation that Channon lied on an ATF form (by checking the "no" box on the question of whether he had ever been convicted of a felony, which of course he had in *United States v. Matthew Channon*, 13-CR-966-JCH/KK).

Appointment of new counsel is only indicated if a defendant establishes good cause. *United States v. Padilla*, 819 F.2d 952, 955 (10th Cir. 1987). There are four factors to consider: 1) the timeliness of the defendant's request, 2) the reasons for the defendant's request, 3) whether the defendant-attorney conflict was so great that it led to a total lack of communications

precluding an adequate defense, and 4) whether the defendant substantially and unreasonably contributed to the breakdown in communications. *See United States v. Williamson*, 859 F.3d 843, 860 (10th Cir. 2017) (citing *Romero v. Furlong*, 215 F.3d 1107, 1113 (10th Cir. 2000)). *See also United States v. Porter*, 405 F.3d 1136, 1140 (10th Cir. 2005).

Here, the request is not untimely. And the United States cannot comment meaningfully on how great the conflict is or how difficult communications are. But the record here, and the government's analysis above, reveals the lack of merit in Channon's claim to good reasons for this request, or that he comes before the Court with clean hands in terms of whether he "substantially and unreasonably" caused any breakdown in communications himself.

The United States also maintains its position that Channon is not competent to stand trial, and alerts the Court to the new evidence that he may be suffering from AI-induced psychosis as well as a delusional disorder. But it mentions that here only insofar as it helps explain *why* Channon "substantially and unreasonably" has caused the presently-complained-of breakdown in communications (as well as the previous two motions to fire counsel who had done nothing wrong).

The United States respectfully requests the Court deny the instant motion. Government counsel will be available for a hearing if the Court should choose to set one.

Respectfully submitted,

TODD BLANCHE
Attorney General
RYAN G. ELLISON
First Assistant United States Attorney

*Electronically filed September 28, 2026*
PAUL J. MYSLIWIEC
Assistant United States Attorney

201 3rd St. NW, Suite 900
Albuquerque, New Mexico 87102
(505) 346-7274

I HEREBY CERTIFY that the submission of this motion in CM/ECF caused a copy to be served on counsel for the defendant.

***Electronically filed September 28, 2026***
Paul J. Mysliwiec
Assistant United States Attorney