IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
Plaintiff,

v. No. 1:26-cr-02056-MLG

MATTHEW JAMES CHANNON,
Defendant.

**REPLY IN SUPPORT OF MOTION TO WITHDRAW AS APPOINTED COUNSEL**

Undersigned appointed counsel submits this reply in support of the Motion to Withdraw (Doc. 54). The Court should grant withdrawal and appoint substitute counsel because the present dispute has materially impaired the attorney-client relationship necessary for continued representation. Alternatively, counsel requests an in camera inquiry, with the government excluded from discussion of confidential matters, before the Court resolves the motion.

**1. The Court retains authority to permit substitution in the interests of justice**

Under 18 U.S.C. § 3006A(c), the Court may substitute appointed counsel in the interests of justice at any stage of the proceedings. Rule 16-116(B)(6)–(7) NMRA also recognizes permissive withdrawal when the client has rendered representation unreasonably difficult or other good cause exists. Those professional obligations apply through D.N.M.LR-Cr. 57.2. Withdrawal requires the Court's permission under D.N.M.LR-Cr. 44.1(f) and Rule 16-116(C) NMRA.

**2. The central factual issue is whether meaningful, confidential defense consultation remains possible.**

The United States concedes that the request is timely and that it cannot meaningfully assess the extent of the conflict or the difficulty of communications. Response at 3. Those concessions favor examining the present relationship rather than denying relief based on the assumption that another appointment would accomplish nothing.

Counsel undersigned submits that the issue is whether meaningful, confidential defense consultation remains possible under the circumstances now confronting counsel and Mr. Channon.

As the United States' response acknowledges, Mr. Channon has circulated purported excerpts of recorded attorney-client conversations to the Court and the prosecution in support of allegations concerning the representation. Response at 2. Counsel's own communications and conduct have thus become the subject of a dispute before both the Court and the opposing party. Counsel's request rests on the effect of those events on the working relationship and the ability to continue confidential consultation and preparation. Counsel asks the Court to assess those consequences without requiring a public rebuttal of Mr. Channon's allegations or disclosure of additional defense information.

**3. Williamson calls for a fact specific assessment of the relationship**

*United States v. Williamson*, 859 F.3d 843, 858–61 (10th Cir. 2017), establishes that complaints against counsel do not automatically require substitution and that strategic disagreements alone are insufficient. However, the present request requires evaluation of the resulting relationship, beyond the existence of an accusation or disagreement. The second factor identified in *Williamson* is whether the court adequately inquired into the reasons for the request.

Id. at 860. The government's summary omits that inquiry component. Response at 2–3. *Williamson* affirmed denial, but only after the district court examined the defendant's concerns and found no sufficient breakdown. Here, counsel requests a similarly individualized assessment of the current circumstances. The Court need not treat either a conclusory assertion of breakdown or the government's contrary assumption as dispositive.

**4. Responsibility for the conflict does not eliminate the need for a workable defense**

The defendant's substantial and unreasonable contribution to a breakdown is a relevant factor. *Williamson*, 859 F.3d at 860–61. However, those factors must be considered together with the present ability to conduct the defense. Substitution would not require the Court endorse Mr. Channon's conduct or his proposed arguments. Instead, would address the consequences of the existing breakdown, while allowing the Court to reinforce his obligation to cooperate with appointed counsel and comply with its orders.

The government's prediction that Mr. Channon will repeat the same conduct with another attorney does not establish that continued representation by present counsel is workable. The Court can address that concern through clear directions to Mr. Channon while exercising its authority under § 3006A(c).

**5. The present circumstances warrant a private inquiry if further facts are needed**

The September 21 order quoted by the government does not dispense with the need to assess the present attorney-client relationship. Response at 1–2. The Court should determine whether the circumstances underlying this motion have changed the relationship necessary to proceed. Counsel is prepared to explain the present impediments in camera, subject to the Court's directions and counsel's confidentiality obligations under Rule 16-106 NMRA. The Court previously used an *in camera* discussion to address a withdrawal request in this case. Doc.

44. That procedure would permit an adequate factual inquiry without expanding the public disclosure of attorney-client communications.

For these reasons, counsel respectfully requests that the Court grant the motion and promptly appoint substitute CJA counsel. If further factual development is necessary, counsel requests an in camera inquiry before disposition. Counsel will continue to fulfill the obligations of appointed counsel pending an order and will cooperate in transferring the defense file if withdrawal is permitted.

Respectfully submitted,

*/s/ Maxwell Pines*
Maxwell Pines
Max Pines Law
800 Lomas NW Suite 200
Albuquerque, NM 87102
max@maxpineslaw.com
CJA counsel for Matthew James Channon

**CERTIFICATE OF SERVICE**

I certify that on October 6, 2026 I filed this reply through CM/ECF, which served counsel of record. I also provided a copy to Mr. Channon by email on October 6, 2026.

*/s/ Maxwell Pines*