**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**
**Plaintiff,** **No. 1:26-cr-02056-MLG**

**v.**

**MATTHEW JAMES CHANNON,**
**Defendant.**

**DEFENDANT'S MOTION TO DISMISS COUNT 1 UNDER FED. R. CRIM. P. 12(b)(3)(B)(v) AND TO PRESERVE A SECOND AMENDMENT CHALLENGE TO 18 U.S.C. § 922(g)(1)**

Defendant Matthew James Channon, through undersigned counsel, moves under Fed. R. Crim. P. 12(b)(3)(B)(v) to dismiss the Indictment on Second Amendment grounds. Mr. Channon acknowledges that binding Tenth Circuit precedent forecloses relief in this Court. He files this motion to preserve the issue for further review.

1. Mr. Channon is charged under 18 U.S.C. § 922(a)(6) with falsely denying, on ATF Form 4473, that he had been convicted of a felony. The statute reaches only false statements concerning a fact "material to the lawfulness of the sale or other disposition" of the firearm. § 922(a)(6). The asserted materiality of Mr. Channon's answer rests on 18 U.S.C. §§ 922(d)(1) and (g)(1), which bar the transfer of firearms to, and their receipt or possession by, persons convicted of crimes punishable by more than one year of imprisonment. Mr. Channon contends that § 922(g)(1) is unconstitutional as applied to him because his prior convictions are for nonviolent wire fraud. If the prohibition cannot constitutionally be applied to him, his prior convictions were not material to the lawfulness of the transaction, and the Indictment fails to state an offense.
2. The Supreme Court's Second Amendment framework turns on constitutional text and the Nation's historical tradition of firearm regulation. *New York State Rifle & Pistol Ass'n v.*

*Bruen*, 597 U.S. 1 (2022); *United States v. Rahimi*, 602 U.S. 680 (2024). Most recently, in *United States v. Hemani*, 608 U.S. 772 (2026), the Court held that the government's prosecution of a regular marijuana user under § 922(g)(3) violated the Second Amendment. The Court described its decision as "narrow" and stated that it did "not address 18 U.S.C. § 922(g)(1)'s provision disarming individuals convicted of felonies." *Id.* at 794. The Court also observed that § 922(g)(1) involves "some manner of pre-deprivation process" and that "nothing in our opinion should be taken to cast doubt" on it. *Id.* at 791 n.6 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)).

3. The Tenth Circuit has rejected the argument Mr. Channon advances. In *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009), the court upheld § 922(g)(1) against a Second Amendment challenge. After *Bruen* and *Rahimi*, the court reaffirmed *McCane* and declined to draw constitutional distinctions based on the type of felony involved, rejecting an as-applied challenge brought by a person with a single nonviolent bank-fraud conviction. *Vincent v. Bondi*, 127 F.4th 1263, 1265–66 (10th Cir. 2025), *cert. denied*, No. 24-1155, 2026 WL 568283 (U.S. Mar. 2, 2026). The Tenth Circuit has also rejected a closely related § 922(a)(6) materiality challenge premised on the asserted unconstitutionality of the prohibition on firearm receipt by persons under felony indictment. *United States v. Reilly*, Nos. 24-7047 & 24-7062, slip op. at 5–6 (10th Cir. Sept. 29, 2025) (unpublished) (relying on *United States v. Ogilvie*, 153 F.4th 1098 (10th Cir. 2025)).

4. Mr. Channon recognizes that this Court is bound by *McCane* and *Vincent* and must deny this motion under current law. He respectfully maintains that those decisions were wrongly decided, that § 922(g)(1) is unconstitutional as applied to him, and that his alleged false statement therefore was not material under § 922(a)(6). He raises the issue now to preserve it for review by the Tenth Circuit, including en banc, and by the Supreme

Court. *See* Fed. R. Crim. P. 12(b)(3)(B)(v); *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987) (new rules for the conduct of criminal prosecutions apply to all cases pending on direct review); *Johnson v. United States*, 520 U.S. 461, 466–68 (1997) (forfeited claims are reviewed only for plain error). Because the motion presents a pure question of law, Mr. Channon does not request a hearing.

5. Pursuant to D.N.M.LR-Cr. 47.1, undersigned counsel contacted Assistant United States Attorney Paul Mysliwiec, who advises that the United States opposes this motion.

**WHEREFORE**, Mr. Channon respectfully requests that the Court dismiss the Indictment or in the alternative note its preservation for further review.

Respectfully submitted,

*/s/ Max Pines*

MAX PINES LAW LLC
Attorney for Matthew Channon
800 Lomas NW, Suite 200
Albuquerque, NM 87102
max@maxpineslaw.com
505-226-2249

**CERTIFICATE OF SERVICE**
I hereby certify that a copy of the foregoing was served upon all parties of record through e-filing.

*/s/ Max Pines*
Maxwell H. Pines