FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE NEW MEXICO
OCT 16 2026
ERIK PALTROW
CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **No. 1:26-CR-02056-MLG**

**MATTHEW JAMES CHANNON,**

**Defendant.**

**DEFENDANT'S NOTICE OF THE LIMITED SCOPE OF DOCUMENT 64 AND OF DEFENSES RESERVED**

Defendant Matthew James Channon, now proceeding without counsel, gives notice of the limited scope of the statements made in Document 64 by former counsel and of the defenses Defendant reserves. This notice is submitted separately from Defendant's motion to dismiss Count 1, which presents an independent argument. Defendant recognizes that the Court determines the legal effect of former counsel's statements; he asks only that Document 64 be construed narrowly, consistent with its text.

To the extent this notice is construed as a motion, Defendant has not obtained the position of the United States. The Court held a hearing concerning representation on October 16, 2026, immediately before the October 19 pretrial-motions deadline. Defendant has not had a practical opportunity to obtain the United States' position before tendering this notice. The United States may state its position in its response under LR-Cr 47.8(a).

## I. DOCUMENT 64'S CONCESSIONS ARE LIMITED TO ITS CONSTITUTIONAL THEORY

Document 64 seeks dismissal of Count 1, charged under 18 U.S.C. § 922(a)(6), by challenging the constitutionality of § 922(g)(1) as applied to Defendant. Former counsel's theory was that the alleged answer could not be material to a firearm transaction if the prohibitions under §§ 922(d)(1) and 922(g)(1) could not constitutionally be applied. That was one theory of dismissal, not an exhaustive statement of the available defenses to Count 1.

Paragraphs 3 and 4 of Document 64 identify Tenth Circuit decisions adverse to that theory. Paragraph 4 states that the Court "must deny this motion under current law." That statement concerns the particular Second Amendment theory advanced by former counsel. It is not a concession that the prosecution has established every element of § 922(a)(6), that Count 1 is immune from dismissal on other grounds, or that independent statutory defenses are foreclosed.

Nor does Document 64 concede the authenticity or completeness of the alleged electronic Form 4473; the authorship, content, or knowing falsity of any particular response; the identity and legal effect of the alleged predicate conviction; or the accuracy of the government's characterization of the transaction. Those issues remain disputed or unadjudicated.

Document 64's description of purported prior convictions as nonviolent wire fraud convictions was made in service of former counsel's constitutional theory. Defendant does not adopt that characterization as a factual stipulation, admission of the authenticity or legal sufficiency of any judgment, or waiver of challenges to the identity, documentation, and legal consequences of any alleged predicate conviction.

Former counsel's statement in Document 64 that no hearing was requested concerned the particular Second Amendment preservation motion presented as a pure question of law. Defendant does not adopt that statement as a waiver of a hearing on any distinct issue, including the issues raised in his separately filed motion. Defendant requests that the Court consider the scope of former counsel's concessions at any hearing on Document 64. If resolution of any properly presented issue requires factual findings, Defendant requests an evidentiary hearing, without conceding the authenticity of the purported Form 4473, authorship of any disputed response or signature, or any element of Count 1.

Defendant's separately filed motion concerns an independent question not resolved by the Tenth Circuit authorities cited in Document 64: the meaning and legal effect of ATF's own Form 4473 instructions, particularly as they bear on the knowing-falsity element of § 922(a)(6).

## II. OTHER DEFENSES RESERVED

Defendant's separately filed motion is directed to the Page 5 restoration-of-rights instruction and the meaning of Question 21.d. It is not an election to abandon other defenses or to concede elements not addressed there.

In particular, Defendant continues to dispute or reserve for appropriate proceedings issues concerning the purported 'No' response to Question 21.d on the alleged April 1, 2026 electronic Form 4473 and its authorship; the accuracy and legal effect of the predicate-conviction record; the prosecution's acquisition or attempted-acquisition theory; materiality and alleged deception of the dealer; and the authenticity, completeness, and reliability of the electronic transaction and associated records.

Those matters may present distinct questions of law, fact, or evidentiary sufficiency. Defendant does not seek to adjudicate them all through this notice. Their identification here clarifies that neither Document 64 nor Defendant's separately filed motion constitutes an intentional relinquishment of those positions. This notice does not itself extend any deadline or substitute for any motion that Rule 12 requires to be filed by the pretrial-motions deadline; any request to extend or reset that deadline is made by separate motion.

**WHEREFORE, Defendant respectfully requests that the Court:**

1. Construe the statements in Document 64 narrowly, as confined to the Second Amendment theory actually presented there, recognizing that the Court determines their legal effect;

2. Note the defenses and objections identified above as reserved, without treating Document 64 as a waiver or concession of any disputed element; and

3. Grant such further relief as the Court deems just and proper.

Respectfully submitted,

Matthew James Channon
Defendant, Pro Se without Representation
7100 Gladden Ave NE
Albuquerque, NM 87110
505-288-5566
mattchannon@pm.me

**CERTIFICATE OF SERVICE**

I certify that on October 16, 2026, I filed the foregoing with the Clerk of the Court. Counsel of record for the United States will receive notice through the Court's CM/ECF system upon docketing.

Matthew James Channon