**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 1:26-cr-02056-MLG

MATTHEW JAMES CHANNON,

Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court on defendant Matthew James Channon's Motion to Dismiss Count 1 Under Fed. R. Crim. P. 12(b)(3)(B)(v) and to Preserve a Second Amendment Challenge to 18 U.S.C. § 922(g)(1), filed October 13, 2026. Doc. 64. United States District Judge Matthew Garcia referred this motion to me "to perform any legal analysis required to recommend to the Court an ultimate disposition" of the Motion to Dismiss. Doc. 83. Having read the briefing and being fully advised in the premises, I recommend that the motion be DENIED.

**BACKGROUND**

On May 1, 2026, a grand jury returned a one-count indictment against Mr. Channon accusing him of making a false statement during the purchase of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924. Doc. 15. Specifically, the grand jury charged that on or about April 1, 2026, Mr. Channon went to Bass Pro Shops in Albuquerque, New Mexico, and knowingly made a false statement in connection with the purchase of an Ermox XPro-T 12 gauge shotgun. Doc. 15. He executed a document that stated he had not ever been convicted of a felony, when in fact he had been convicted of felony in Case No. 13-cr-966-JCH, specifically, conspiracy to commit wire fraud and wire fraud. Doc. 15.

Mr. Channon currently represents himself pro se with court-appointed counsel, Maxwell Pines, on standby. Doc. 67 at 1, 9–10. The pending motion to dismiss at issue in these proposed findings and recommended disposition, however, was written by Mr. Pines and filed before the order permitting Mr. Channon to represent himself.

**ANALYSIS**

Mr. Channon moves to dismiss the indictment against him on Second Amendment grounds. Doc. 64 at 1. Specifically, he argues that "§ 922(g)(1) is unconstitutional as applied to him because his prior convictions are for nonviolent wire fraud." *Id.* He supports this argument with citations to recent developments in the Supreme Court's Second Amendment jurisprudence. *Id.* at 1–2 (citing *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022); *United States v. Rahimi*, 602 U.S. 680 (2024); *United States v. Hemani*, 608 U.S. 772 (2026)). He concedes that "binding Tenth Circuit precedent forecloses relief in this Court" on this issue. *Id.* (citing *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009); *Vincent v. Bondi*, 127 F.4th 1263, 1265–66 (10th Cir. 2026), *cert denied*, No. 24-1155, 2026 WL 568283 (U.S. Mar. 2, 2026)).

Mr. Channon is correct that this Court cannot grant the relief he seeks. In *Vincent*, the Tenth Circuit explicitly held that § 922(g)(1) remains constitutional after *Rahimi*, including as applied to nonviolent offenders; *Vincent* involved an individual convicted of federal felony bank fraud. 137 F.4th at 1264, 1266. Because a published Tenth Circuit opinion exists that is directly on point, no further analysis is necessary.

I therefore recommend that the Court DENY Mr. Channon's motion (Doc. 64).

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id.* In other words, if no objections are filed, no appellate review will be allowed.**

LAURA FASHING
UNITED STATES MAGISTRATE JUDGE