**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 1:26-cr-02056-MLG

MATTHEW JAMES CHANNON,

Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on defendant Matthew James Channon's Motion to Dismiss Count 1 and, Alternatively, for a Pretrial Determination of the Meaning of Form 4473, Question 21.d, or a Bill of Particulars, filed October 16, 2026. Doc. 69. The United States filed its response on November 2, 2026 (Doc. 84), and Mr. Channon filed a reply on November 12, 2026 (Doc. 91). United States District Judge Matthew Garcia referred this motion to me "to perform any legal analysis required to recommend to the Court an ultimate disposition" of the Motion to Dismiss. Doc. 83. Having read the briefing and being fully advised in the premises, I recommend that the motion be DENIED.

## BACKGROUND

On May 1, 2026, a grand jury returned a one-count indictment against Mr. Channon accusing him of making a false statement during the purchase of a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924. Doc. 15. Specifically, the grand jury charged that on or about April 1, 2026, Mr. Channon went to Bass Pro Shops in Albuquerque, New Mexico, and attempted to purchase an Ermox XPro-T 12 gauge shotgun. Doc. 15. Mr. Channon is alleged to have

> knowingly made a false and fictitious statement to Bass Pro Shops, which was intended and likely to deceive Bass Pro Shops as to a fact material to the

> lawfulness of such sale of the firearm, in that the defendant executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that the defendant had not ever been convicted of a felony, when in truth and in fact he then knew that he had been convicted in case 13-CR-966-JCH of felony Conspiracy to Commit Wire Fraud and Wire Fraud. In violation of 18 U.S.C. §§ 922(a)(6) and 924.

Doc. 15. Mr. Channon now moves to dismiss Count 1 of the indictment. Doc. 69.

## LEGAL STANDARD

"On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006). An indictment must "set[] forth the elements of the offense charged, put[] the defendant on fair notice of the charges against which he must defend, and enable[] the defendant to assert a double jeopardy defense." *United States v. Chisum*, 502 F.3d 1237, 1245 (10th Cir. 2007). "Sufficiency is determined by practical rather than technical considerations." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988).

When an indictment is insufficiently specific, a bill of particulars may be ordered "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996). A bill of particulars aims "to minimize surprise at trial" as well as to allow the defendant "to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Higgins*, 2 F.3d 1094, 1096 (10th Cir. 1993). A district court has discretion to deny a bill of particulars. *Ivy*, 83 F.3d at 1281.

The charge at issue in this motion is a violation of 18 U.S.C. § 922(a)(6). The elements of 18 U.S.C. § 922(a)(6) are that 1) "the defendant made a false statement while attempting to acquire a firearm from a licensed dealer," 2) "the defendant knew the statement was false," and 3) "the statement was intended to or was likely to deceive about a material fact, i.e., one that

would affect the legality of the attempted transfer of the firearm from the dealer to the defendant." Tenth Circuit Pattern Criminal Jury Instruction No. 2.42.

**DISCUSSION**

Mr. Channon moves to dismiss what he refers to as Count 1 of the indictment. Doc. 69 at 1. The indictment itself does not contain counts, *see* Doc. 15, but the text of Mr. Channon's motion indicates that he seeks dismissal of the portion of the indictment charging a violation of 18 U.S.C. § 922(a)(6) (rather than 18 U.S.C. § 924). Doc. 69 at 1. He objects to the indictment's language, which charges that Mr. Channon made a statement "to the effect that the defendant has not ever been convicted of a felony, when in truth and in fact he then knew that he had[.]" Doc. 15 at 1. Specifically, the form asked, "Have you ever been convicted in any court, including a military court, of a **felony,** or any other crime for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?" Doc. 69 at 16 (emphasis in original). On another page of the form, additional language regarding this question clarifies that certain individuals—such as those who have received a pardon or expungement in the convicting jurisdiction, and that convicting jurisdiction does not prohibit the person from receiving or possessing firearms—"should answer 'no' to the applicable question." *Id.* at 17. Mr. Channon argues that because of this qualifying language, checking "no" on the form is not necessarily equivalent to a statement that "no conviction ever occurred." *Id.* at 2–3. Therefore, he argues, his statement—if he made it—is not necessarily false. *See id.* at 12 ("Defendant's contention is that Count 1, read against the Form it paraphrases, does not allege a false statement of the proposition the Form solicited.").

My understanding of Mr. Channon's argument is this: by checking "no," a person does not necessarily make a statement "to the effect that [he] had not ever been convicted of a felony,"

because the person alternatively could be making a statement that he had been convicted but was pardoned in accordance with the qualifying language on another page of the form. It is true that checking "no" could constitute multiple different statements: "I have never been convicted of a felony," "I have been convicted of a felony but received a pardon satisfying the terms of the exception on the form," "I have been convicted of a felony but it falls under the antitrust violations exception on the form," *see* Doc. 69 at 17, and so on. But the indictment makes clear what message it charges Mr. Channon with communicating because it says that Mr. Channon made a statement "to the effect that [he had] not ever been convicted of a felony." Doc. 15. The ultimate question of whether Mr. Channon's alleged action (checking "no") *was* a false statement to the effect that he had never been convicted of a felony is a factual matter for the jury to decide, not a legal question pertaining to the sufficiency of the indictment.

The indictment meets the basic requirements. It sets forth the elements of the offense charged—that Mr. Channon knowingly made a false statement to Bass Pro Shops in connection with the purchase of a firearm, with the intent and likelihood of deceiving Bass Pro Shops as to a material fact—as well as the substance of the alleged false statement and other details such as the date and location of the alleged offense. *See generally* Doc. 15. The indictment therefore is sufficient as a matter of law. I recommend that the Court DENY Mr. Channon's motion insofar as it seeks dismissal for insufficiency of the indictment.

Mr. Channon also seeks a bill of particulars, which I recommend the Court find inappropriate in this case.[1] "A bill of particulars is not necessary if the indictment sets forth the

---

[1] Federal Rule of Criminal Procedure 7(f) states that a defendant may move for a bill of particulars "before or within 14 days after arraignment or at a later time if the court permits." This motion comes more than fourteen days after arraignment, rendering it untimely without court permission. I recommend denying permission because I recommend finding that a bill of particulars is unnecessary.

elements of the offense charged and sufficiently apprise[s] the defendant of the charges to enable him to prepare for trial." *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992). As discussed above, the indictment meets these requirements and is sufficient for Mr. Channon to prepare a defense, prevent double jeopardy, and avoid surprise at trial. Accordingly, I recommend that the Court DENY Mr. Channon's motion insofar as it seeks a bill of particulars.

Finally, Mr. Channon's request that the Court grant an "advance ruling on the meaning of the form and the scope of the charged statement" should be denied. Put plainly, the form says what it says; any dispute over the meaning of those words, including whether checking "no" constituted a statement to the effect that Mr. Channon had never been convicted of a felony, is factual in nature. "If contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize [the disposition of that motion] before trial." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010). Given the factual dispute here, a ruling on the meaning of the form's language before trial is not appropriate. I therefore recommend that the Court DENY this request.

**CONCLUSION**

I recommend that the Court DENY Mr. Channon's motion in its entirety (Doc. 69).

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id.* In other words, if no objections are filed, no appellate review will be allowed.**

LAURA FASHING
UNITED STATES MAGISTRATE JUDGE